UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER, INC.,

        Plaintiff,

– *against* –

PELICAN MANAGEMENT, INC., FORDHAM ONE COMPANY, LLC, *and* CEDAR TWO COMPANY, LLC,

        Defendants.

**ORDER**

18-cv-1564 (ER) (OTW)

PELICAN MANAGEMENT, INC., FORDHAM ONE COMPANY, LLC, *and* CEDAR TWO COMPANY, LLC,

        Counterclaimants,

– *against* –

FAIR HOUSING JUSTICE CENTER, INC.,

        Counterclaim-Defendant.

RAMOS, D.J.:

## I. GENERAL INJUNCTION

1. Defendants and their employees and managing agents who are leasing, managing, or otherwise providing related property management services for rental buildings located in New York City and Westchester County at the present time or at any time for the duration of this injunction are hereby enjoined from discriminating against any person on the basis of disability in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 et seq. (the "FHA"); and on the basis of disability and lawful source of income, including rental subsidies and

vouchers, in violation of the New York City Human Rights Law, New York Administrative Code, § 8-107 et seq., in any manner, including without limitation:

    a. Denying or withholding rental apartments, or otherwise making rental apartments unavailable on the basis of disability or lawful source of income, including by applying minimum income requirements to applicants with rental subsidies or vouchers;

    b. Discriminating against applicants with rental subsidies or vouchers in the terms or conditions of the rental process because of disability or source of income, including by offering variances and waivers to rental criteria to non-subsidy applicants and not to subsidy applicants, and requiring rejected applicants to wait a minimum period of time before reapplying for apartments to rent; and

    c. Coercing, intimidating, threatening, or interfering with any person, including Plaintiff, on account of having aided or encouraged any other person in the exercise or enjoyment of any rights granted or protected by the Fair Housing Act and the New York City Human Rights Law.

## II. NON-DISCRIMINATION POLICIES

Unless stated otherwise to the contrary, the following provisions shall go into effect within thirty (30) days of the date of this Order:

2. Defendant Pelican Management, Inc. ("Goldfarb Properties") shall adopt and utilize written non-discriminatory rental criteria that does not include: a) minimum gross or net income requirements, including net rent-to-income ratios for applicants with partial pay or 100% pay rental subsidies or vouchers and b) minimum time periods for rejected applicants to reapply.

3. Goldfarb Properties shall develop written procedures for processing applications that incorporate these non-discriminatory rental criteria and distribute them to all leasing agents and managers by email.

4. Goldfarb Properties shall adopt a written equal housing opportunity policy that prohibits housing discrimination in violation of the federal Fair Housing Act, the New York State Human Rights Law, and the New York City Human Rights Law by its employees and agents who are involved in providing information about apartments for rent to the public, including on the company's website; providing information about the company's rental application process, including communicating with applicants and prospective applicants about the process; evaluating rental applications submitted to the company; and/or otherwise developing and applying the company's rental criteria. The policy shall include a list of all protected characteristics covered by these laws, including disability and lawful source of income.

5. Goldfarb Properties shall provide Plaintiff FHJC with a copy of the non-discrimination policy within ten (10) days of its adoption and dissemination to the Goldfarb Properties employees and agents described in Paragraph 4.

6. Goldfarb Properties shall post its non-discrimination policy on its website and distribute the policy by email to the Goldfarb Properties employees and agents described in Paragraph 4.

7. Goldfarb Properties shall post and prominently display a full-size Department of Housing and Urban Development (HUD) fair housing poster (HUD Form 928.1) and a full-size New York City Commission on Human Rights housing discrimination poster, in a conspicuous location at each business office that is open to the public. The signs shall be displayed where

they are plainly visible to members of the public who may inquire about apartments for rent at each office.

8. Goldfarb Properties shall include the HUD Equal Housing Opportunity logo with the words "Equal Housing Opportunity" in a readable and legible manner on all residential rental advertising placed by Goldfarb Properties or at its direction, including on-line advertising on third-party websites. Goldfarb Properties shall also include the logo on the home page of its website.

9. Goldfarb Properties shall include the following sentences in a readable, legible, and visible manner on the website page containing its on-line rental application form: "We are an equal housing opportunity provider. We do not discriminate because of race, color, religion, sex or gender, national origin, familial status, disability, marital status, domestic partnership status, age, sexual orientation, gender identity, alienage or citizenship status, lawful occupation, military status, status as a survivor of domestic violence, or lawful source of income, including housing subsidies and vouchers."

### III. FAIR HOUSING TRAINING

10. Within ninety (90) days of the date of this Order, Goldfarb Properties shall, at its own expense, contract with a third party to provide the following fair housing training program. The third party may not be a current or former employee, agent, or attorney of any of Defendants. The training shall last at least three hours and be offered "live," not as an on-line pre-recorded program; the training may be held virtually. The training shall include informing individuals of their duties and obligations under a) this Order, b) the Defendants' equal housing opportunity policy; and c) the requirements of the federal Fair Housing Act, 42

U.S.C. § 3601 et seq. (the "FHA"), the New York State Human Rights Law, and the New York City Human Rights Law, New York Administrative Code, § 8-107 et seq.

11. The persons required to attend the training described above shall include the owners of the Defendant corporations, Defendants' employees whose job duties relate to the rental of apartments and evaluation of rental applications, including leasing agents, general managers, regional managers, employees working in the credit and legal departments, and those who draft and/or place advertisements or rental listings for Defendants.

12. Each person who attends the training described above shall sign a certification indicating that he or she has received, read, and understood Goldfarb Properties' equal housing opportunity policy and has attended the training.

13. Within thirty (30) days of commencing employment with Pelican Management, each new employee with job duties related to leasing apartments, shall be given a copy of Goldfarb Properties' equal housing opportunity policy and be required to sign a certification indicating that he or she has received, read, and understood the policy.

14. Once per year for the length of this Order, each of Goldfarb Properties' employees with job duties related to the leasing of apartments who has been newly retained within the preceding one-year period, shall attend the fair housing training program described above and conducted by a third-party. The trainer may not be a current or former employee, agent, or attorney of any of Defendants and the training program shall conform to the requirements described above for the initial training.

15. Defendants shall retain all training verifications signed by trainees for the length of this Order and provide copies to Plaintiff FHJC upon request but no more than one time per calendar year.

## IV. RECORDKEEPING AND REPORTING REQUIREMENTS

16. Defendants shall maintain sufficient records to verify compliance with the terms of this Order and shall make such records available to Plaintiff FHJC to review and copy upon request and reasonable notice but no more than one time per calendar year. Applicable records shall include documents reflecting Defendants' advertising on third-party websites, apartment listings posted by Defendants on the Goldfarb Properties' website, applications and supplemental information such as proof of rental subsidy and sources of income, documents used to evaluate rental applications (qualification calculators, background checks, and other similar worksheets and information), rental decision letters sent to applicants, rental criteria and policies, and employee training. Defendants may redact personal, financial, and medical information of third-party applicants for apartments from the records produced to FHJC. FHJC shall keep confidential all such records received unless filing a motion with the Court for compliance under this Order, and in that event, must file such records under seal, and destroy such records at the end of the term of this Order.

## V.  TERM AND ADMINISTRATION OF ORDER

17. Defendants shall be bound by this injunction for a period of five (5) years from the date of entry of this Order.

18. The Southern District of New York shall retain jurisdiction to enforce the terms of this Order upon the filing of an appropriate motion by Plaintiff FHJC.

19. Prior to filing any such motion, FHJC shall provide a written notice to Defendants describing any alleged violations of this Order.  Defendants shall then have thirty (30) days to cure.

Dated:  New York, New York  
       September 29, 2023

SO ORDERED:

_____  
Edgardo Ramos  
United States District Judge